

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/28/08

THE CITY OF NEW YORK

# LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

GABRIEL P. HARVIS
Assistant Corporation Counsel
Phone: (212) 788-1816
Fax: (212) 788-9776
gharvis@law.nyc.gov

March 27, 2008

**BY FAX**
Honorable John G. Koeltl
United States District Judge
United States Courthouse
Southern District of New York
500 Pearl Street, Room 1030
New York, New York 10007

APPLICATION GRANTED
SO ORDERED
John G. Koeltl, U.S.D.J.
3/27/08

Re: <u>Sonia Aguirre v. City of New York, et al.</u>
08 CV 2448 (JGK)(HBP)

Your Honor:

    I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to represent defendant City of New York ("City") in this matter. I write to respectfully request an enlargement of time from March 31, 2008, until June 2, 2008, for the City to answer or otherwise respond to the complaint. Plaintiff's counsel consents to this application.

    In the complaint, plaintiff alleges, *inter alia*, that on September 7, 2006, she was falsely arrested and maliciously prosecuted by officers of the New York City Police Department. Plaintiff further alleges that all charges against her were subsequently dismissed.

    There are several reasons for seeking an enlargement of time. First, in accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need this additional time to investigate the allegations of the complaint. As the complaint indicates that the charges against plaintiff were dismissed, this office has forwarded to plaintiff for execution a consent to the designation of the Corporation Counsel as plaintiff's agent for release of records sealed pursuant to New York Criminal Procedure Law §160.50. Pursuant to that statute, all official records concerning plaintiff's arrest and/or prosecution, including police records, are sealed. This office cannot obtain these records without the releases, and without the records, we cannot properly assess this case or respond to the complaint.

Second, defendant City appears to have been served with process. However, upon information and belief, the individually named defendants have not yet been served. The extension should allow time for plaintiff to serve these defendants with process and for this office to confirm the validity of the purported service, and to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent them. See <u>Mercurio v. The City of New York, et al.</u>, 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting <u>Williams v. City of New York, et al.</u>, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

No previous request for an extension has been made. This extension will not affect any previously scheduled deadlines or conferences. Accordingly, we respectfully request that defendant City's time to answer or otherwise respond to the complaint be extended from March 31, 2008, until June 2, 2008, and for such other relief as Your Honor deems just and proper.

Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis (GH2772)
Assistant Corporation Counsel

cc:    Jose Muniz, Esq.