UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

SONIA AGUIRRE,

                                    Plaintiff,

                -against-

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, RAY KELLY AS COMMISSIONER OF
NEW YORK CITY POLICE DEPARTMENT,
DETECTIVE SHANE LEFEBVRE TAX ID #922634 and
UNDERCOVER DETECTIVE WITH SHIELD # 7689
AND JOHN DOE OFFICERS 1-10,

                                    Defendants.

------------------------------------------------------------------------ x

**ANSWER TO VERIFIED COMPLAINT**

08 CV 02448 (JGK)(HBP)

**JURY TRIAL DEMANDED**

        Defendants City of New York, New York City Police Department and Raymond Kelly, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:[1]

        1.  Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        2.  Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

        3.  Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

---

[1] Upon information and belief, the individuals identified in the caption of the complaint as "DETECTIVE SHANE LEFEBVRE TAX ID #922634" and "UNDERCOVER DETECTIVE WITH SHIELD # 7689" have not been served with process. Thus, they are not parties to this action.

4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

5. Deny the allegations set forth in paragraph "5" of the complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that the City of New York is a municipal corporation and respectfully refer the Court to the New York City Charter and the Administrative Code.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that the City of New York maintains a police department.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that Shane Lefebvre is employed by the City of New York as a police detective.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that Raymond Kelly is employed by the City of New York as the Commissioner of the New York City Police Department.

13. Deny the allegations set forth in paragraph "13" of the complaint, except admit that plaintiff purports to proceed as stated therein.

14. Paragraph "14" of the Complaint sets forth conclusions of law rather than averments of fact and thus no response is required. To the extent a response is required, defendants deny the allegations.

15. Paragraph "15" of the complaint sets forth a jury demand to which no response is required.

16. In response to the allegations set forth in paragraph "16" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint, except admit that plaintiff was arrested on September 7, 2006.

19. Deny the allegations set forth in paragraph "19" of the complaint, including all sub-parts.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Paragraph "22" of the Complaint sets forth conclusions of law rather than averments of fact and thus no response is required.

23. Deny the allegations set forth in paragraph "23" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations as to unidentified officers.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. In response to the allegations set forth in paragraph "26" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

- 5 -

43. Deny the allegations set forth in paragraph "43" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

44. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

45. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

46. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct, and was not the proximate result of any act of defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

47. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

48. There was probable cause for the plaintiff's arrest, detention, and prosecution.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

49. Plaintiff may have failed to comply with the conditions precedent to suit.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:

50. Defendant Raymond Kelly has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, is protected by qualified immunity.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

51. Plaintiff cannot obtain punitive damages as against the City of New York.

### **AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

52. The New York City Police Department is not a sueable entity.

### **AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

53. At all times relevant to the acts alleged in the complaint, defendant City, its agents and officials, acted reasonably, properly, lawfully and in good faith in the exercise of their discretion. Consequently, defendant City of New York is entitled to governmental immunity.

### **AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE**

54. Venue may not be properly laid in this district.

**WHEREFORE,** defendants City of New York, New York City Police Department and Raymond Kelly request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          June 2, 2008

>                              MICHAEL A. CARDOZO
>                              Corporation Counsel of the
>                                City of New York
>                              *Attorney for Defendants*
>                              100 Church Street, Room 3-193
>                              New York, New York 10007
>                              (212) 788-1816
>
>                              By:      /s/
>                                    Gabriel P. Harvis (GH 2772)
>                                    Assistant Corporation Counsel

TO:   Jose A. Muniz (by ECF)
      Law Office of Jose A. Muniz, P.C.
      *Attorney for Plaintiff*
      305 Broadway
      Suite 200
      New York, New York 10007

Index No. 08 CV 02448 (JGK)(HBP)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| SONIA AGUIRRE,<br><br>                             Plaintiff,<br><br>                  -against-<br><br>CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RAY KELLY AS COMMISSIONER OF NEW YORK CITY POLICE DEPARTMENT, DETECTIVE SHANE LEFEBVRE TAX ID #922634 and UNDERCOVER DETECTIVE WITH SHIELD # 7689 AND JOHN DOE OFFICERS 1-10,<br><br>                             Defendants. |
| **ANSWER TO VERIFIED COMPLAINT** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants*<br>*100 Church Street Rm 3-193*<br>*New York, New York  10007*<br><br>*Of Counsel: Gabriel P. Harvis*<br>*Tel:  (212) 788-1816*<br>*NYCLIS No. 2008008212* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y.  ........................ , 2008 . . .*<br><br>*........................................................... Esq.*<br><br>*Attorney for..................................................* |